**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30097 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00141-RFC-1 |
| v. | |
| RICKY ALLEN DENNIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Submitted April 11, 2014[**]
Seattle, Washington

Before: HAWKINS, RAWLINSON, and BEA, Circuit Judges.

Ricky Allen Dennis appeals his conviction in a bench trial on stipulated facts

for conspiracy to commit a robbery affecting interstate commerce under the Hobbs

Act, 18 U.S.C. § 1951(a). We review de novo, and viewing the evidence in the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

light most favorable to the prosecution, find there is sufficient evidence to support the conviction because "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Si*, 343 F.3d 1116, 1123 (9th Cir. 2003).

The stipulated facts were sufficient to show that Dennis (1) agreed with two or more people (2) to commit a robbery that "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce," 18 U.S.C. § 1951(a); (3) that Dennis "had knowledge of the conspiratorial goal"; and (4) he "voluntarily participated in trying to accomplish the conspiratorial goal." *Si*, 343 F.3d at 1123–24. Dennis agreed with at least three co-conspirators to steal several dozen kilograms of cocaine from a stash house of a notable drug gang and to kill the guards if necessary. This conspiracy affected interstate commerce. *United States v. Williams*, 547 F.3d 1187, 1197 (9th Cir. 2008) ("squarely reject[ing]" argument in a Hobbs Act prosecution that "a conspiracy to rob a non-existent stash house cannot interfere with interstate commerce"). Dennis's actions were knowing and voluntary: he sought and received an undercover agent's cell phone to assist him, stated he had "contingencies" to dispose of the guards' bodies, met with agents about the robbery, asked specific planning questions, and even procured a black mask for the "special day."

That Dennis was not sure when or where precisely the robbery would take place is irrelevant, particularly because the "plan" was always that the undercover agent posing as the gang's drug courier would "know" only at the last minute when the shipment arrived and where it was located, and would inform Dennis's "crew" at that time. Also irrelevant are any differences between Dennis's plans and the (staged) robbery one of his associates attempted to commit after Dennis had been incarcerated on a separate warrant; Dennis's actions prior to his arrest were sufficient to support his conviction.

**AFFIRMED.**